UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

Mitchell Maes,

          Plaintiff,

v.

Charter Communication dba Spectrum Cable;
and DOES 1-10, inclusive,

          Defendants.

Civil Action No.: 18-cv-124

**COMPLAINT AND
DEMAND FOR JURY TRIAL**

For this Complaint, the Plaintiff, Mitchell Maes, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act 47 U.S.C. § 227, *et seq.* ("TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. The Plaintiff, Mitchell Maes ("Plaintiff"), is an adult individual residing in Sun Prairie, Wisconsin, and is a "person" as defined by 47 U.S.C. § 153(39).

4. Defendant Charter Communication dba Spectrum Cable ("Charter"), is a Missouri business entity with an address of 12405 Powerscourt Drive, Saint Louis, MO 63131, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5. Does 1-10 (the "Agents") are individual agents employed by Charter and whose identities are currently unknown to the Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

6. Charter at all times acted by and through one or more of the Agents.

## FACTS

7. On or about August 2017, Charter began placing calls to Plaintiff's cellular telephone, number 715-xxx-4834, in an attempt to collect a consumer debt allegedly owed by Nancy (the "Debtor"), who is unknown to Plaintiff.

8. Charter placed calls to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS").

9. When Plaintiff answered calls from Charter, he heard silence and had to wait on the line to be connected to the next available representative.

10. Since the calls began, Plaintiff has spoken with live representatives informing them that he was not the Debtor and to cease all calls.

11. Despite Plaintiff's request, Charter continued placing automated calls to him in an attempt to reach the Debtor.

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

12. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

13. At all times mentioned herein and within the last year, Defendants called Plaintiff on his cellular telephone using an ATDS or predictive dialer.

14. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

15. Defendants' telephone systems have some earmarks of a Predictive Dialer.

16. When Plaintiff answered the phone, he was met with a period of silence before Defendant's telephone system would connect him to the next available representative.

17. Defendants' Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

18. The telephone number called by Defendants was assigned to a serviced cellular telephone for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

19. Plaintiff was annoyed, harassed and inconvenienced by Defendants' continued calls.

20. The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

3

21.     Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

22.     Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

3. Such other and further relief as may be just and proper.

Dated: February 22, 2018

Respectfully submitted,

By /s/ Amy L. Cueller

Amy L. Cueller, Esq., #15052-49
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
E-Mail: acueller@lemberglaw.com
Attorneys for Plaintiff